McGirk, C. J.,
delivered the opinion of the Court.
This was an action brought by the assignee of a bill of exchange, against Hanly, the maker, after non-acceptance and non-payment. There was no proof of due notice being giyen to the drawer of the non-payment, but it was insisted by the plain- *28 tiff, that the defendant had waived the want of notice by a subsequent promise to pay. In this case the Circuit Court gave judgment for the defendant. The bill of exceptions shows that the plaintiff, to supply the want of regular notice, proved the following by his counsel: That the defendant, when ho was informed by the plaintiff’s attorney, that the bill had been returned protested, said he would pay it when his furs and peltries came down the river ; that he did not wish to be sued, as he had been struggling hard and making every exertion to meet his engagements; that upon being told it would not answer to wait so long with him, the defendant offered to pay in a bill on Montreal, which was not accepted of by the plaintiff’s counsel, and that the plaintiff’s counsel then proposed to receive a negotiable note with endorsers, at sixty days, upon which proposition, the defendant said he would deliberate, and would give an answer in the course of a week. That about the expiration of that time, the subject of the negotiable note was again mentioned, and pressed upon the defendant by the same person. Hanly remarked to the witness, ■ that he doubted whether he was liable, and could be made to pay the bill; that the St. Louis Bank ought to bo made to pay it, on account of having held it up so long, and that he, defendant, had sustained heavy damages by reason of the bill not having been remitted to the drawees in New Orleans, in due time, in whose hands he had at the time, property and funds to a large amount, which could have been secured if the bill had been forwarded in due season ; and that, when the defendant was called on first by the plaintiff’s counsel, a letter, covering the protest and bill, was shown to the defendant, hut whether either was read by him or put into his hands, the witness did not recollect.
The bill of exceptions states, first, that these things were proved, and last, that-this testimony was rejected. The error assigned is, that this testimony was rejected by the Court. The question of the sufficiency of this testimony is not before the* Court; but the sole point is, whether-the Court erred in rejecting this testimony.
This Court is of opinion that the Circuit Court erred in rejecting this testimony..
Let the judgment he reversed, and the cause remanded to the Circuit Court for a new trial, with directions, that, if the foregoing testimony is offered again, to-admit it.
Let the plaintiff in error have his costs in tlie writ of error..